**Ertle v. Paradise Summit LLC**

*Aaron M. DeAngelo, for plaintiff.*
*Marshall E. Anders, for defendant.*

ZULICK, *J.*, January 18, 2011—This case arises from two contracts entered into between plaintiff James Ertle and defendant Paradise Summit, LLC ("Paradise") for the sale of real property. The parties entered into an agreement dated May 8, 2006 ("Contract I") for the sale of 110 acres (the "property") located in Pocono and Paradise Townships. Approximately one half of the

property is situated in Paradise Township in an R2 zoning district with the balance of the property situated in Pocono Township in an RD zoning district (Tabat Dep. at 17). The purchase price of the property was $4,500,000, with Mr. Ertle to make non-refundable deposits of $25,000 per month toward the purchase price from June, 2006 through November, 2006 (Def. Ex. 1 ¶3).

The parties entered into a second agreement the next day, May 9, 2006. They signed a contract for sale of Paradise Golf ("Contract II") (see Def. Ex. 2). That transaction included the 110 acres sold in the contract of May 8, 2006, as well as additional improvements and equipment. The terms of the contract provided for the waiver of all contingencies and provided that deposit payments were non-refundable (Tabat Dep. at 37; Def. Ex. 2). Mr. Ertle paid $150,000 in deposit payments to Paradise for the property (Pl. Mot. Summ. J. at ¶ 6).

A dispute arose between the parties and Mr. Ertle filed this action to void the May 8, 2006 agreement. On April 16, 2008, Mr. Ertle filed a fourth amended complaint seeking to recover the deposit monies from Paradise based on counts of breach of contract (right to void), breach of contract (mutual mistake), and unjust enrichment (Am. Cmpl. ¶¶ 12-24). Paradise filed an answer, new matter and counterclaim on May 5, 2008. On June 30, 2010, Mr. Ertle filed an amended reply to new matter and counterclaim.

The parties filed a stipulation to remove a lis pendens against the property on May 2, 2008. That lis pendens was stricken by order of May 6, 2008.

On July 9, 2008, Paradise filed a motion for judgment on the pleadings. Ertle filed a timely answer and the motion

was denied on September 15, 2008. After a period of discovery, Mr. Ertle filed a motion for summary judgment on October 1, 2010. Paradise filed a timely answer, the parties submitted briefs, and the matter was argued on December 6, 2010.

## DISCUSSION

The Pennsylvania Rules of Civil Procedure permit a party to move for summary judgment after the close of pleadings. Pa.R.C.P. 1035.2. Summary judgment is appropriate only in those cases in which (1) the record shows that there is no genuine issue of material fact, and (2) the moving party is entitled to judgment as a matter of law. *Erie Ins. Co. v. Abbott Furnace Co.*, 972 A.2d 1232, 1237 (Pa. Super. 2009). Summary judgment is therefore proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. *Lance v. Wyeth*, 4 A.3d 160, 163 (Pa. Super. 2010).

The moving party has the burden of proving that no genuine issues of material fact exist. A fact is material if it directly affects the disposition of a case. *Windber Area Authority v. Rullo*, 387 A.2d 967, 970 (Pa. Cmwlth. 1978) (citation omitted). The trial court must examine the record in a light most favorable to the nonmoving party and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Moyer v. Teledyne Cont'l Motors, Inc.*, 979 A.2d 336, 342-43 (Pa. Super. 2009) (citation omitted). The burden is therefore placed upon the moving party to prove that there is no

issue of material fact. *Thompson Coal Co., v. Pike Coal Co.,* 488 Pa. 198, 204, 412 A.2d 466, 468-69. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment. *Lance,* 4 A.3d at 163.

### (1) *Validity*

Mr. Ertle asserts that the contract is void because the property does not have the zoning designation allegedly required by the contract, and because Paradise allegedly misrepresented an extension of the closing date for sale of the property.

### (A) *Zoning*

Contract I requires that the agreement set forth the zoning classification of the property (See Def. Ex. 1 ¶ 9). Indeed, paragraph 9 of Contract I allows the buyer to declare the contract void if the property does not have the correct zoning classification. *Id.* The property in Paradise Township is in an R2 Zoning District, which is primarily a residential classification (Tabat Dep. at 17). However, the property in Pocono Township is in an RD Zoning District, a classification which allows for several non-residential uses (*Id.* at 17-18).[1]

The portion of the property situated in Pocono Township is not zoned for residential use. Instead, it is

---

1. The Pocono Township Zoning Ordinance treats the RD District as the "Resort District in Pocono Township which permits transient dwelling accommodations, commercial recreation and entertainment uses." (Pl. Br. at 4.) Section 404.A. of the Pocono Township Zoning Ordinance provides: "The regulations of this District are intended to maximize open space while allowing for recreational activities that generate employment, retail trade, retail services, tourism, and related dining/lodging and entertainment uses." *Id.*

zoned in part for commercial and other purposes. Mr. Ertle argues that because this zoning was not stated in paragraph 9, that paragraph of the parties' agreement allows him to void the contract.

However, paragraph 9 (providing for voidability at option of buyer) contains a line for a disclosure of the zoning classification of the property. That line was not completed in the parties' agreement. Paragraph 10, which also relates to zoning and provides spaces for disclosure of the property's zoning district, was left similarly incomplete. Paragraph 2 (related to a description of the property) provided lines and descriptions that were completed by Mr. Ertle. That paragraph, filled in by Mr. Ertle, recites that the property is "110 ACRES Both commercial + Residential Real Estate. . . ."

Based on the inconsistencies in paragraphs 2, 9 and 10 of Contract I, several issues of material fact are present that render summary judgment unavailable. A fact-finder must decide what the parties intended in the agreement. See *Great American Insurance Co. v. Norwin Sch. Dist.,* 544 F.3d 229, 243 (3d Cir. 2008) ("The fundamental rule in interpreting the meaning of a contract is to ascertain and give effect to the intent of the contracting parties.") Paragraph 9 cannot be read alone, but must be construed together with the rest of Contract I. See *Gaffer Ins. Co. v. Discover Reinsurance Co.,* 936 A.2d 1109, 1113 (Pa. Super. 2007) ("[t]he contract must be interpreted as a whole, and an interpretation that gives effect to all of the contract's provisions is preferred.").

Paradise argues that Contract II supersedes the provisions of Contract I. Contract II provided that the

property was sold "as is," with contingencies waived and subject to then current legal zoning (Def. Ex. 2 ¶ 1). Again the parties' intent becomes relevant in determining if Contract II superseded Contract I. Thus, which of the provisions of the two contracts governs the relationship between the parties is an issue provisions of the two contracts governs the relationship between the parties is an issue for the trier of fact.

### (B) *Fraud*

Mr. Ertle alleges that the defendant's principal, Max Tabat, promised an extension of the real estate closing date for the property in exchange for additional consideration (Pl.'s brief at 9). Mr. Ertle gave Max Tabat ("Mr. Tabat") $50,000 in exchange for such an extension. Mr. Tabat took the money but did not provide an extension. On this basis, Mr. Ertle alleges that the transaction was fraudulent and that he is entitled to his deposit monies.

However, no cause of action for fraud is alleged in the fourth amended complaint. Ertle has not pled these facts or this cause of action. He is therefore not entitled to summary relief.

### (2) *Rescission*

Mr. Ertle contends that pursuant to the doctrine of mutual mistake, he may rescind the contracts. He asserts that both parties negotiated believing that the property would have highway access from both directions of Route 611. After the agreement was reached he contends that a median was constructed restricting access to the property to one direction of travel only. He argues that both parties were mistaken about this (Pl.'s brief at 2).

The doctrine of mutual mistake is a defense that occurs where "both parties have an erroneous belief as to a basic assumption of the contract at the time of formation which will have a material effect on the agreed exchange as to either party." *Bianchi v. Bianchi*, 859 A.2d 511, 516 n.3 (Pa. Super. 2004) (emphasis added). Furthermore, "the misconception which avoids a contract is necessarily a mutual one, and a fact which entered into the contemplation of both parties as a condition of their assent." *Gocek v. Gocek*, 612 A.2d 1004, 1006 (Pa. Super. 1992). The moving party must demonstrate mutual mistake by clear, precise and convincing evidence. *Zurich Am. Ins. Co. v. O'Hanlon*, 968 A.2d 765, 770 (Pa. Super. 2009).

There are likewise material issues of fact about whether a mutual mistake occurred. Ertle has not come forward with clear, precise and convincing evidence that there was a mistake at the time the parties entered into the agreement. As Paradise argues in its brief, the unexpected construction of the median was not "a mistake." An analogous situation would occur if one of the municipalities changed the zoning after the contracts were signed, limiting development of the property (Def.'s Br. in opp'n to Pl.'s mot. for summ. J. at 12).

Secondly, Paradise contends that there was no mutual assumption that Mr. Ertle would have continued access from the northbound lane of Pennsylvania Route 611. Paradise accepted a reduced price because the contracts provided for no contingencies (Tabat Dep. at 23). Paradise contends that the issue of access to the property (and, necessarily, construction of the median) was not a consideration to Paradise at the time the contract was signed.

Thirdly, if the provisions of Contract II govern,[2] no mutual mistake can be found to exist here. That contract provided that the property was sold "as is," with Mr. Ertle assuming any and all risks that development of the property might entail. Contract II also provided that all contingencies would be waived (Def. Ex. 2 ¶ 1). These issues go to the intent of the parties and must be decided at trial, not in summary judgment proceedings.

### (3) *Motion to Quash*

Mr. Ertle has filed a motion to quash Paradise's subpoenas directed to Tri-State Ventures, L.P., John P. Fasciano, and Landcore Engineering Consultants, P.C. Paradise has not filed an answer to that motion.

Each subpoena requests "the entire contents of [the subpoenaed party's] file" related to the property (see Pl.'s br. in saupp. of mot. quash 3). Mr. Ertle asserts that the subpoenas are an "eleventh hour fishing expedition." *Id.* He argues the subpoenas are not relevant and overly broad. He also maintains that he went to great expense to procure the engineering and other surveys believed to be contained in the subpoenaed files, and that Paradise would in effect be receiving free survey work. *Id.*

The Rules of Civil Procedure govern discoverable materials as follows:

Rule 4003.1. Scope of Discovery Generally. Opinions and Contentions.

(a) Subject to the provisions of rules 4003.2 to rules

---

2. As discussed in section 1(A) ("Zoning"), whether Contract I or Contract II governs is a matter for the trier of fact.

4003.5 inclusive and rule 4011, a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

(b) It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

(c) Except as otherwise provided by these rules, it is not ground for objection that the information sought involves an opinion or contention that relates to a fact or the application of law to fact. Pa.R.C.P. 4003.1.

However, Rule 4011 limits the scope of discovery.

Rule 4011. Limitation of Scope of Discovery and Deposition.

No discovery or deposition shall be permitted which

(a) is sought in bad faith;

(b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party;

(c) is beyond the scope of discovery as set forth in Rules 4003.1 through 4003.6;

224

(d) is prohibited by any law barring disclosure of mediation communications and mediation documents; or

(e) would require the making of an unreasonable investigation by the deponent or any party or witness. Pa.R.C.P. 4011.

The court heard arguments on the motion to quash on December 6, 2010. Based on Mr. Ertle's brief, the limited time devoted to the motion at argument, and in the absence of an answer or brief filed by Paradise, I cannot conclude that Paradise has established that the information sought is reasonably calculated to lead to the discovery of admissible evidence. See *Berkeyheiser v. A-Plus Investigations, Inc.*, 936 A.2d 1117, 1127 (Pa. Super. 2007) (remanding for trial court's failure to require plaintiff to establish discovery was reasonably calculated to lead to discovery of admissible evidence); see also *J.S. v. Whetzel*, 860 A.2d 1112 (Pa. Super. 2004) (holding trial court erred in permitting discovery requesting "unfettered" production of "any and all" of appellant's tax forms, where such documentation contained information unrelated to case). Accordingly, I will grant the motion to quash.

## ORDER

And now, January 18, 2011, after consideration of the parties' briefs and arguments, it is ordered as follows:

1.   Plaintiff's motion for summary judgment is denied.

2.   Plaintiff's motion to quash is granted.